# UNITED STATES DISTRICT COURT
# DISTRICT FOR CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | 3:05cr195(MRK) |
| | : | |
| EDUARDO CASIANO | : | |

## RULING AND ORDER

Currently pending before the Court is Mr. Casiano's Motion for New Trial [doc. # 1321], in which Mr. Casiano requests a new trial on the ground that his prior trial counsel was ineffective for failing to move to dismiss the Indictment, the Superseding Indictment, or the Second Superseding Indictment as a result of prosecutorial misconduct before the grand jury, and for failing to move to suppress evidence discovered pursuant to a traffic stop on July 6, 2005. Mr. Casiano is currently on his sixth counsel, who filed an appearance on October 18, 2007. Mr. Casiano was previously represented consecutively by two Criminal Justice Act ("CJA") attorneys and one retained counsel prior to and during trial, and an additional two CJA attorneys and one retained counsel (his current attorney) post-trial. For the reasons that follow, Mr. Casiano's motion is denied.

Under *Federal Rule of Criminal Procedure* 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." If the basis for the motion is newly discovered evidence, on the other hand, the defendant has three years, rather than seven days, to file. *See* Fed. R. Crim. P. 33(b)(1). Mr. Casiano has not argued, and indeed could not argue, that he only recently discovered evidence of his counsel's ineffective assistance at trial. *See, e.g.*, *United States v. Osorio-Pena*, 247 F.3d 14, 19 (1st Cir. 2001) ("'The practical difficulties faced by defendants seeking to raise ineffective-assistance-of-counsel

claims by way of motions for a new trial . . . do not give us cause to corrupt the clear language of Rule 33. Newly discovered evidence must be newly discovered evidence.'") (quoting *United States v. Ellison*, 557 F.2d 128, 133 (7th Cir. 1977)). As such, he concedes that the seven-day limit of Rule 33(b)(2) is the appropriate time period. The jury returned a verdict against Mr. Casiano on October 27, 2006. Thus, his motion for a new trial, filed on March 3, 2008, is patently untimely.

Although Mr. Casiano argues in his Reply [doc. # 1329] that equitable tolling is merited, he admits that no court in this circuit has yet applied such tolling principles to Rule 33 time periods. Indeed, it is not clear to this Court that the time limits of Rule 33 may be adjusted through equitable tolling in the manner suggested by Mr. Casiano's counsel. For although the Supreme Court held in *Eberhart v. United States*, 546 U.S. 12 (2005), that the time limit in Rule 33 is not jurisdictional, the Court went on to observe that the deadline is nevertheless a mandatory claim-processing rule. *See id.* at 19; *United States v. Robinson*, 430 F.3d 537 (2005). Thus, while the Government may waive a timeliness objection by failing to raise the issue, the Court is obligated to grant relief to the Government provided it properly raises such an objection. *See Eberhart*, 546 U.S. at 19 ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them."); *see also Robinson*, 430 F.3d at 541 (as a claims processing rule, Rule 33's timeliness requirements are "subject to forfeiture").

Here, the Government has properly asserted that Mr. Casiano's new trial motion is untimely and should be denied on that basis alone. *See* Government's Memorandum in Opposition to Defendant's Motion for New Trial [doc. # 1324]. All indications in relevant case law are that the time limits in Rule 33 are mandatory, rigid, and enforceable if the Government timely objects on that basis. *See United States v. Canova*, 412 F.3d 331, 345 (2d Cir. 2005) ("The[] time limits [of Rule

33] were expressly 'framed to resist ad hoc relaxation' and, thus, may fairly be characterized as 'rigid.'") (quoting *Carlisle v. United States*, 517 U.S. 416, 434-36 (1996) (Ginsburg, J., concurring)).

That said, the Court recognizes that there does not appear to be case law in this circuit involving a motion for new trial specifically on the basis of ineffective assistance of counsel. However, even assuming – though without deciding – that equitable tolling may be available under Rule 33 and that the appropriate standard is, as Mr. Casiano suggests, the "rare and exceptional circumstance" test developed in the context of 28 U.S.C. § 2255, *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), the Court does not believe that Mr. Casiano has met that standard. Mr. Casiano's request for tolling rests solely on the fact that his prior counsel failed to file a timely motion, and that Mr. Casiano himself was in prison, hampering his efforts to ensure that his counsel complied with his wishes. Yet, under Mr. Casiano's theory, any confined defendant whose counsel failed to file a motion the defendant wished him to file would qualify for equitable tolling, making the circumstances presented by this case anything but "rare and exceptional."

Despite the untimeliness of his motion, and the corresponding obligation of this Court to deny Mr. Casiano's motion in light of the Government's objection, the Court notes that Mr. Casiano still has remedies available to him to address the alleged problems raised in his new-trial motion. He may raise his ineffectiveness claim on direct appeal, or he may pursue the claim in the context of a petition for habeas corpus relief under 28 U.S.C. § 2255, though he must do so in an orderly manner. Should Mr. Casiano opt for the former, there are several possible outcomes: the Second Circuit may decline to hear the claim, requiring Mr. Casiano to raise the issue on a § 2255 motion, may remand the claim to the district court for further fact-finding, or may decide the claim on the record before it. *See United States v. Doe*, 365 F.3d 150, 152 (2004).

Accordingly, Mr. Casiano's Motion for New Trial [doc. # 1321] is DENIED as untimely. The Court expresses no view regarding the merits of the claims asserted in Mr. Casiano's new-trial motion.

IT IS SO ORDERED.

 /s/ Mark R. Kravitz
Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 11, 2008.**