UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:05cr195 (JBA) |
|---|---|
| v. | July 29, 2020 |
| EDUARDO CASIANO | |

**RULING DENYING DEFENDANT'S MOTIONS FOR RELEASE**

Defendant Eduardo Casiano moves *pro se* for a reduction of sentence pursuant to 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A) to remedy the imposed sentence enhancement under 21 U.S.C. § 841(b)(1), which he now describes as "unconstitutional, illegal, and void." (Mot. for Reduction of Sentence [Doc. # 1566] at 3.) Defendant also moves through counsel for compassionate release under § 3582(c)(1)(A) in light of the ongoing COVID-19 pandemic. (Mot. for Compassionate Release [Doc. # 1568].) The Government opposes both motions. (Gov't Opp. [Doc. # 1569].) For the reasons that follow, Defendant's motions are denied.

**I. Background**

Defendant Eduardo Casiano was convicted by guilty plea of Count Eight of the Second Superseding Indictment, which charged him with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). (Presentence Investigation Report [Doc. # 1498-4] ¶ 1.) Defendant was separately convicted by jury verdict of Count One, conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count Three, conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count Four, possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count Five, possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (*Id.*)

The Government filed a notice of intent to use a prior conviction for sentencing purposes pursuant to 21 U.S.C. § 851 based on Defendant's prior conviction of sale of

narcotics in violation of Conn. Gen. Stat. § 21a-277(a). That § 851 notice produced statutory sentence enhancements on several counts of the Indictment, including raising the mandatory minimum sentence for a conviction on Count One from ten years' imprisonment to twenty years' imprisonment. (Gov't's § 851 Not. [Doc. # 1498-2].)

Defendant was sentenced to 240 months of imprisonment on Counts One, Three, Four, and Five, and to 120 months of imprisonment on Count Eight, to run concurrently. (Judgment [Doc. # 1335].) He was also sentenced to ten years of supervised release on Counts One, Three, and Four, six years of supervised release on Count Five, and four years of supervised release on Count Eight, all to run concurrently. (*Id.*)

Defendant has subsequently and unsuccessfully challenged his conviction and sentence through a variety of procedures, including a motion for new trial, an appeal, a habeas petition under 28 U.S.C. § 2255 alleging prosecutorial misconduct and ineffective assistance of counsel, a motion to alter judgment under Rule 59(e), motions before the Second Circuit for a certificate of appealability of the denial of his § 2255 petition and his Rule 59(e) motion and for reconsideration en banc of the denial of that motion, a motion for sentence reduction under 18 U.S.C. § 3582(c), a second motion for a new trial, and two motions before the Second Circuit for authorization to file successive § 2255 petitions. (*See* Gov't Opp. at 3-4.)

Defendant is currently incarcerated at FCI Beaumont Low in Beaumont, Texas. FIND AN INMATE, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed July 23, 2020). Defendant is currently scheduled to be released from Bureau of Prisons ("BOP") custody on August 5, 2023. *Id.* Defendant has served approximately 180 months of his 240 month sentence but notes that "[a]ssuming [he] were to serve 85% of this sentence," accounting for earned credit, "he would likely be released after serving a total of 204 months." (Mot. for Compassionate Release at 3.)

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and its spread from person-to-person, especially between those who are in close contact with one another. HOW COVID-19 SPREADS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last accessed July 23, 2020).

The Centers for Disease Control and Prevention ("CDC") represents that persons with certain medical conditions face an increased risk of severe illness from COVID-19. PEOPLE WITH CERTAIN MEDICAL CONDITIONS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions (last accessed July 23, 2020). Additionally, "[a]mong adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk." OLDER ADULTS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 23, 2020).

As of July 23, 2020, FCI Beaumont Low reports 464 active COVID-19 infections, including 463 inmates and 1 staff member. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 23, 2020). There are currently an additional 105 "[p]ending" COVID-19 tests at FCI Beaumont Low. *Id.* Since the onset of the pandemic, a total of 475 inmates at FCI Beaumont Low have tested positive for COVID-19. *Id.*

## II. Discussion

### A. Motion for Sentence Reduction

Defendant moves *pro se* for a sentence reduction pursuant to 18 U.S.C. §§ 3553(a) and 3582(c). He argues that he should be resentenced because the twenty-year mandatory minimum on Count One, driven by the § 851 notice of prior conviction, is "unconstitutional, illegal, and void." (Mot. for Sentence Reduction at 3.) Defendant explains that the sentence

enhancement was improper because "on June 29, 2009, the government conceded that [Conn. Gen. Stat.] section 21(a)-277(a)"—under which Defendant was previously convicted, forming the basis of the § 851 notice and subsequent enhancement—"criminalized conduct involving narcotic substance not covered by the fed[er]al definition of a 'felony drug offense' used in 21 U.S.C. 841 (b)(1)." (*Id.* (citing *United States v. Jackson*, Gov't Sentencing Mem., No. 3:06cr151, ECF No. 96 (D. Conn. June 29, 2009)).)[1]

"Voiding said enhancement," Defendant argues, his "mandatory minimum would now be ten (10) years (120 months)" on Count One. (*Id.*) He asks the Court "to vacate his enhancement sentence(s) that are currently illegal and re-sentence him to a reduced sentence without the enhancement of 841(b)(1) which will now make his sentence legal." (*Id.* at 3.) Thus, Defendant expects that his current incarceration for nearly fifteen years "surely overly exceeds the now mandatory minimum guideline" and asks that he be resentenced to time served and immediately released. (*Id.*)

The Government responds that Defendant's motion, "[a]lthough styled as a motion brought under 18 U.S.C. § 3553(a) and 3582(c), . . . is properly construed as a motion under § 2255" because "[n]either § 3553(a) nor § 3582 can provide the relief that Mr. Casiano seeks" and because his motion "collaterally attacks his sentence." (Gov't Opp. at 7-8.) Because Defendant has previously filed several motions under § 2255, the Government argues that his motion is "a second or successive § 2255 motion for which he has not obtained a certificate of appealability from the Second Circuit," and thus should be transferred to the Second Circuit to determine whether such certificate should issue. (*Id.* at 8-9.)

---

[1] In *United States v. Savage*, 542 F.3d 959, 965-66 (2008), the Second Circuit Court of Appeals held that a prior conviction under Conn. Gen. Stat. § 21a-277(a) "cannot categorically qualify as a 'controlled substance offense' within the meaning of Guidelines §4B1.2(b) because the Connecticut Statute criminalizes some conduct that falls outside the Guidelines' definition." The *Savage* decision issued on September 18, 2008, approximately five months after judgment entered against Defendant on April 11, 2008.

Under 18 U.S.C. § 3582(c), a court may "modify a term of imprisonment once it has been imposed" only under certain enumerated circumstances.

Section 3582(c)(1)(A) permits courts to modify a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." That provision is inapplicable to Defendant's request for a variety of reasons, as the Director of the BOP has not filed any motion nor has Defendant exhausted his appeal rights for the BOP's failure to do so; Defendant cites no "extraordinary and compelling reasons" which would warrant a sentence reduction to alter the challenged sentence enhancement; and Defendant is not over 70 years of age and has not served at least 30 years in prison.

Section 3582(c)(1)(B) permits courts to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Defendant makes no argument to suggest than any statute expressly permits the sentence reduction he seeks, nor is the Court aware of any statute which would permit a sentence modification to retroactively alter the sentence enhancement imposed as a result of Defendant's prior conviction. Nor does Federal Rule of Criminal Procedure 35 offer any avenue for the relief Defendant seeks, as there is no allegation of an "arithmetical, technical, or other clear error,"[2] and as there is no indication that Defendant provided substantial assistance in investigating or prosecuting another person which might permit a sentence modification.

---

[2] The Court further notes that 14-day timeframe for correction of such errors has long passed.

Section 3582(c)(2) permits courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." But Defendant seeks resentencing based on a change in his *statutory* mandatory minimum, not simply a change in the applicable Guidelines range, and thus § 3582(c)(2) is also inapplicable to Defendant's request.

Defendant's request fares no better under § 3553(a), which outlines the "factors to be considered in imposing a sentence" but provides no avenue for courts to modify a sentence that has already been imposed.

As none of the provisions of §§ 3582 and 3553 are applicable in this case, the Court agrees that Defendant's motion should be construed as a motion under 28 U.S.C. § 2255. *See United States v. Perez*, 129 F.3d 255, 258-59 (2d Cir. 1997) (finding § 3582(c) does not authorize the sentence modification defendant seeks and therefore construing his request as a motion under § 2255); *United States v. Severino*, 2018 WL 4941780, at *3 (S.D.N.Y. Oct. 12, 2018) (same). "Under § 2255, in contrast, a defendant may challenge his sentence on the basis that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Perez*, 129 F.3d at 259 (internal quotation marks omitted). Thus § 2255 offers precisely the relief Defendant seeks: a modification of his sentence which he believes "is unconstitutional, illegal, and void." (Mot. for Sentence Reduction at 3.)

However, because Defendant has previously filed a § 2255 motion relating to this criminal proceeding, *see Casiano v. United States*, Motion to Vacate, Set Aside, or Correct Sentence, No. 3:11cv73-JBA, ECF No. 1 (D. Conn. Jan 13, 2011), this Court lacks jurisdiction to consider any such motion absent certification by the Second Circuit. *See Liriano v. United*

6

*States*, 95 F.3d 119, 123 (2d Cir. 1996) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Court of Appeals] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Thus, in the interest of justice, the Court orders this matter transferred to the Second Circuit Court of Appeals as a request for certification of a second or successive motion under 28 U.S.C. § 2255. To the extent Defendant seeks a sentence modification under 18 U.S.C. §§ 3553(a) and 3582(c), his Motion for Sentence Reduction [Doc. # 1566] is denied.

### B.  Motion for Compassionate Release

Separately, Defendant moves through counsel for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although incarcerated persons previously could only seek compassionate release upon motion of the BOP, the First Step Act of 2018 amended that provision to permit prisoners to seek relief directly from the courts upon satisfaction of certain exhaustion requirements.

Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

7

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Defendant argues that extraordinary and compelling reasons exist which justify his requested sentence reduction. Specifically, Defendant argues that "his confinement to FCI, Beaumont, Texas dramatically increases the chances that he will be infected" with COVID-19 because "Texas has undergone an 80% increase in new cases in the last three weeks" and "is one of the riskiest and most impacted states in the country with no sign of slowing down." (Mot. for Compassionate Release at 16.) Defendant acknowledges that he "does not claim an[y] CDC-recognized risks that increase the severity of COVID-19 upon infection," but argues nonetheless that the COVID-19 pandemic constitutes an extraordinary and compelling reason why he should be released from BOP custody. (*Id.*) In support of that position, Defendant compares Texas to Connecticut, which "is one of the safest and healthiest states in the country." (*Id.* at 17.) Moreover, Defendant argues, "healthcare available to prisoners is not nearly as responsive or thorough as compared to the civilian sector." (*Id.*) Defendant also shares his concern that "too much time may be exhausted" in attempts to collaterally attack his sentence, and notes that his attempt to do so "would become moot" if he were granted compassionate release. (*Id.* at 18.)

The Government responds that Defendant's Motion for Compassionate Release should be denied for failure to exhaust his administrative remedies through the BOP before filing that motion. Section 3582(c)(1)(A) plainly provides that a defendant may file a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." But Defendant makes no attempt to describe his efforts to exhaust administrative remedies, if any, nor does he make any argument as to why such attempts would be futile or his failure to exhaust should otherwise be excused by the Court. (*See generally* Mot. for Compassionate Release.) Thus Defendant has not satisfied the statutory requirements for bringing his Motion for Compassionate Release [Doc. # 1568], which is hereby denied.

**III. Conclusion**

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 1568] is DENIED, as is Defendant's Motion for Sentence Reduction [Doc. # 1566] to the extent it seeks relief under 18 U.S.C. §§ 3553(a) and 3582(c). The Court orders Defendant's Motion for Sentence Reduction transferred to the Second Circuit Court of Appeals as a request for certification of a second or successive motion under 28 U.S.C. § 2255.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of July 2020.