UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDUARDO CASIANO | Criminal No. 3:05cr195 (JBA)<br><br>April 22, 2021 |

**RULING DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Eduardo Casiano files this *pro se* motion for reconsideration of the Court's Ruling Denying Defendant's Motions for Release [Doc. # 1575], which the Court issued on July 29, 2020 [Doc. # 1570]. Mr. Casiano's counsel filed a supplementary memorandum in support of his *pro se* motion. (Suppl. Mem. [Doc. # 1580].) The Government opposes his reconsideration motion as procedurally improper and substantively deficient. (Gov't's Obj. [Doc. # 1580] at 1.) For the reasons that follow, Mr. Casiano's motion is denied.

**I.    Background**

Defendant Eduardo Casiano was convicted by guilty plea of possession with intent to distribute marijuana in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(D) and convicted at trial of conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and two counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (Presentence Investigation Report [Doc. # 1498-4] ¶ 1.) The Government filed a notice of intent to use a prior conviction for sentencing purposes pursuant to 21 U.S.C. § 851 based on Defendant's prior conviction of sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a). (Gov't's § 851 Not. [Doc. # 1498-2].) The resulting sentencing enhancement triggered the mandatory minimum sentence for a conviction on conspiracy to distribute 1,000 or more grams of heroin from ten years' imprisonment to twenty years' imprisonment." (*Id.* at 3.) Mr. Casiano was sentenced to 240 months' (20 years')

incarceration, followed by ten years of supervised release. (Judgment [Doc. # 1335].) He is scheduled for release on August 5, 2023. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed April 21, 2021).

Defendant has repeatedly and unsuccessfully attempted to challenge his conviction and sentence through a variety of procedures, "including a motion for a new trial, an appeal, a habeas petition under 28 U.S.C. § 2255 alleging prosecutorial misconduct and ineffective assistance of counsel, a motion to alter judgment under Rule 59(e), motions before the Second Circuit for a certificate of appealability of the denial of his § 2255 petition and his Rule 59(e) motion for reconsideration *en banc* of the denial of that motion, a motion for sentence reduction under 18 USC § 3582(c), a second motion for a new trial, [] two motions before the Second Circuit for authorization to file successive § 2255 petitions," and, most recently, this motion for compassionate release. (Ruling Denying Def's Motions for Release at 2, 9.) In his *pro se* motion for compassionate release [Doc. # 1568], Defendant challenged the constitutionality of the "second-offender enhancement" applied in his case and sought compassionate release on the basis of the COVID-19 pandemic. (*Id.* at 1.) This Court construed his constitutional argument regarding his enhancement as a motion under 28 USC § 2255. (Ruling Denying Def.'s Mots. at 6.) Because Mr. Casiano had previously filed a § 2255 habeas petition, the Court concluded that it lacked jurisdiction to consider any such motion absent certification by the Second Circuit and transferred the motion to the Second Circuit Court of Appeals as a request for certification of a second or successive motion under 28 U.S.C. 2255. (*Id.* at 6-7.)

This Court denied Mr. Casiano's motion for compassionate release because he failed to satisfy the administrative exhaustion requirement set forth in the statute. (*Id.* at 8-9.) On December 4, 2020, the Second Circuit denied Mr. Casiano's petition because it did not make "a prima facie showing that the requirements of § 2255(h) [were] satisfied." (Mandate [Doc. # 1577] at 1.)

Defendant now moves for reconsideration of the Court's previous denial of compassionate release because he has now satisfied the administrative exhaustion requirements and because his denial of release was "based upon an interpretation of 'extraordinary and compelling reasons'" that

is now outdated by the Second Circuit's decision in *Brooker*. (Def.'s Mot. at 1; Def.'s Suppl. Mem. at 3.)

## II. Motion for Reconsideration

Pursuant to Local Rule 7(c) for the District of Connecticut,

> Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

D. Conn. L. Civ. R. 7(c).

"The standard for a motion for reconsideration is strict and reconsideration is only appropriate where the moving party can point to controlling law or evidence that 'might reasonably be expected to alter the conclusion reached by the court." *Applera Corp. v. MJ Research, Inc.*, 404 F. Supp. 2d 422, 423-424 (D. Conn. 2005).

"[P]*ro se* litigants are afforded a wide degree of latitude with regard to their submissions, as the Court construes their papers 'to raise the strongest arguments that they suggest.'" *Washington v. Reilly*, 226 F.R.D. 170, 171 (2d Cir. 2005). Nevertheless, *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995).

Mr. Casiano's *pro se* motion for reconsideration is procedurally deficient because, contrary to L.R. 7(c) which requires motions for reconsideration to be filed within seven days of the decision or order from which relief is sought, he filed his motion several months after the Court denied him compassionate release. However, in reading the pleading in a manner that makes Defendant's strongest argument, the motion for reconsideration could reasonably be read as a renewed motion for compassionate release since Mr. Casiano argues, *inter alia*, that because he has now satisfied the administrative exhaustion requirement, the Court should grant his motion. (Def.'s Mot. at 1.) Given Mr. Casiano's *pro se* status, the Court will evaluate his motion for reconsideration as a renewed motion for compassionate release.

### III.     Motion for a Sentence Reduction

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides that

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

The district court has discretion in determining whether extraordinary and compelling reasons for release exist. *See United States v. Brooker*, 976 F.3d 228, 237-238 (2d Cir. 2020) (holding that "Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"); *see also United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) ("In short, we agree with the Second Circuit and the emerging consensus in the district courts[that] . . . district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.") (internal quotations omitted); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) ("[F]ollowing the Second Circuit's lead, [we hold that] where incarcerated persons file motions for compassionate release, federal judges may [] have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that district courts have discretion to define what constitutes "extraordinary and compelling" circumstances). The only constraint on the district court's discretion is that "rehabilitation *alone* shall not be considered an extraordinary and compelling reason." *Brooker*, 976 F.3d at 1180.

---

[1] Incarcerated persons previously could only seek compassionate release upon motion of the Bureau of Prisons (BOP), which the First Step Act of 2018 amended to permit inmates to seek relief directly from the courts upon satisfaction of certain administrative exhaustion requirements.

4

   a. *Administrative Exhaustion*

On August 10, 2020, Defendant sent a request to the warden for compassionate release "based on the extraordinary and unprecedented pandemic relate (sic) to COVID-19." (Ex. 1 to Def.'s Mot. [Doc. # 1575] at 22.) The Warden's Office denied his request on September 1, 2020. (*Id.* at 26.) The Government indicates "that Casiano now appears to have satisfied the statute's exhaustion requirements." (Gov't's Mem. at 6.) The Court agrees and therefore moves to the next step of determining whether Mr. Casiano has established extraordinary and compelling reasons for early release.

   b. *Extraordinary and Compelling Reasons*

Mr. Casiano maintains that COVID-19, a juror's apprehension, the First Step Act, and a change in substantive law amount to extraordinary and compelling reasons that justify his release. (Def.'s Mot. at 12, 17.)

As an initial matter, Mr. Casiano has already been diagnosed with and recovered from COVID-19. (Def.'s Mot. at 16.) Although Mr. Casiano insists that he risks reinfection, particularly in light of "multiple new mutated strains [of COVID-19] that are flooding the U.S," (Reply [Doc. # 1583] at 3), current CDC guidance states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." *See* CDC, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). Although scientific consensus around reinfection is evolving, at this juncture, the Court finds that "absent a specific showing that the defendant [himself] remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons." *United States v. Guerrero*, No. CR17-5469 BHS, 2021 WL 1424699, at *3 (W.D. Wash. 2021); *see also United States v. Saunders*, No. 3:19-cr-00167 (VLB); 2020 WL 6507389, at *7 (D. Conn. Nov. 5, 2020) ("[Defendant] has also put forward no evidence that he will or is likely to contract the virus again, or if he did that his condition would be worse now than it was when he contracted the virus previously."); *United States v. Jackson*, No. 3:14cr250 (JBA), 2020 WL 5994963, at *2 (D. Conn. Oct. 9, 2020) ("[T]here is nothing

5

to indicate that [the defendant's] prior bout with the illness increases his risk of reinfection or of severe illness.")

Mr. Casiano's arguments that his imposed sentence enhancement under 21 U.S.C. § 841(b)(1) is now illegal and void under *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), and that a juror's disclosure that he believed Mr. Casiano was entitled to a lighter sentence have already been raised and rejected by this Court and the Second Circuit. (*See* Mandate at 1-2); *United States v. Casiano*, No. 3:05cr195, 2007 WL 1692125 (D. Conn. Jun. 7, 2007). Although *Brooker* affords broad discretion to the district court to determine what constitutes extraordinary and compelling circumstances, 976 F.3d at 237, it cannot mean that a lengthy sentence upheld after unsuccessful attempts at seeking post-conviction relief becomes the extraordinary and compelling circumstances that serve as a basis for compassionate release. To hold otherwise would eviscerate the procedural requirements for seeking post-conviction relief through direct appeal or a habeas petition. *See United States v. Minaya*, 2020 WL 5512518, at *3 (S.D.N.Y. Sept. 14, 2020) ("Courts in this district have held that it would be improper to allow defendants to use Section 3582 as a vehicle for claiming legal wrongs, instead of following the normal methods of direct appeal or a habeas petition.") (internal quotation marks omitted); *United States v. Alvarez*, 89-CR-0229(JS), 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("[A]pplications for compassionate relief are not vehicles for collaterally attacking the merits of a defendant's sentence."); *United States v. Adams*, No. 3:04-CR-30029-NJR, 2020 WL 3639903, at *3 (S.D. Ill. Jul. 6, 2020) ("Even when a defendant characterizes his motion for relief from his sentence as seeking compassionate relief, it may still in certain circumstances be properly construed as a habeas motion. . . . [A] motion is properly construed as a successive habeas petitions where it seeks to collaterally attack a previously imposed sentence on grounds similar to those outlined in § 2255, e.g. that it was in some way wrongly imposed.") For this reason, Mr. Casiano's sentence which has been repeatedly affirmed on numerous occasions cannot create an extraordinary and compelling circumstance justifying release.

Since the COVID-19 pandemic alone, without any individualized showing of heightened medical risk,[2] does not constitute extraordinary and compelling circumstances, and Mr. Casiano's legal arguments amount to impermissible attempts at successive habeas petitions, the Court concludes that he has not met his burden of demonstrating extraordinary and compelling reasons justifying his release. In the absence of extraordinary and compelling reasons, his motion for early release must be denied.

### IV.     Conclusion

Even when construing Mr. Casiano's motion for reconsideration [Doc. # 1575] as a renewed motion for compassionate release, he fails to demonstrate extraordinary and compelling circumstances, and his motion is therefore denied.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of April 2021.

---

[2] The Government discloses that Mr. Casiano's medical records from FCI Beaumont Law indicate that as of November 2, 2020, he had a body mass index greater than or equal to 30, which places an individual at greater risk of severe illness from the virus that causes COVID-19. (Gov't's Mem. at 6, n.2). No current weight body mass index has been provided. (*Id.*) Mr. Casiano did not raise his medical condition or obesity as a basis for relief. (*See generally* Def's Mot.; Def.'s Suppl. Mem.; Reply.) The Government states, and Mr. Casiano does not dispute, that it shared these records with Mr. Casiano's attorney but that "counsel for Casiano indicated that they did not desire to provide additional arguments related to health concerns beyond what ha[d] already been articulated." (Gov't's Mem. at 6.) For these reasons, the Court does not consider obesity in determining whether extraordinary and compelling reasons exist as to Mr. Casiano.